**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANGELA VASQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:08-CV-2046-M (BH)** |
| | § | |
| **SHELBY NOWAK CHACON,** *Individually* | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**</u>

Pursuant to the District Court's *Standing Order of Reference*, filed January 21, 2009, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant Chacon's Motion for Summary Judgment on the Issue of Qualified Immunity* (docket #27), filed April 20, 2009. Based on the pertinent filings and applicable law, Defendant's motion should be **GRANTED**.

## I. BACKGROUND

### A.    <u>Factual</u>

This is a civil rights action arising out of an encounter between Plaintiff Angela Vasquez and Dallas police officers Shelby Nowak Chacon and James D. Ball.

On March 20, 2005, the officers received a call from police dispatch regarding a disturbance at a residence in Dallas, Texas. (Mot. App. at 2, 6). Shortly after they arrived at the residence, a woman later identified as Vasquez came out of the house carrying a small dog in her arms. (*Id.* at 2, 5). Vasquez, who was visibly upset at the time, approached the officers and complained that

someone had gone through her trash and thrown bottles at her house.  *Id.*  When Vasquez was in close proximity to the officers, they detected the smell of alcohol on her breath.  *Id.*  Vasquez also exhibited other signs of intoxication, such as bloodshot eyes, slurred speech, and an agitated and excited demeanor.  *Id.*  She later admitted she had been drinking alcohol that evening.  *Id.*  The officers aver that Vasquez became increasingly loud and agitated when the officers told her there was little they could do about the reported disturbance since there was no physical damage to the property and the suspect was no longer at the location.  *Id.*  Ball told Vasquez to calm down and go back inside the residence, but she refused to do so and continued to cause a disturbance.  *Id.*

When the officers began to leave the front yard and return to the patrol car, Vasquez followed the officers into the street and used profane language to complain that they were not doing anything to help.  *Id.*  As Vasquez continued to complain, Ball told her that she would be arrested for public intoxication if she did not go inside the house.  (*Id.* at 5).  Vasquez again refused, and Ball proceeded to arrest her.  (*Id.* at 2, 5).

After Ball told Vasquez that she was under arrest, he took her right arm and proceeded to escort her into the patrol car.  (*Id.* at 5).  As he took out his handcuffs, Vasquez jerked her right arm out of his hand.  *Id.*  In an attempt to regain control, Ball placed his left hand on Vasquez's back and placed her on the hood of the patrol car.  *Id.*  He then grabbed her right wrist and placed it behind her back into handcuffs.  *Id.*  The dog, which Vasquez held in her left arm, then jumped onto the hood of the patrol car.  (*Id.* at 2, 5).  Chacon retrieved the dog while Ball placed Vasquez's left hand into handcuffs.  (*Id.* at 2).  Vasquez alleges that Ball broke her right arm during the struggle. (Docket #12 at 3, hereinafter "Compl.").

Chacon contends that during the struggle, she stood on the opposite side of the patrol car ten

to twelve feet away from Vasquez and Ball and remained there when she retrieved the dog after it jumped out of Vasquez's left arm. (Mot. App. at 2, 5). She did not arrest Vasquez and did not participate in making the decision to arrest, nor did she direct or instruct Ball to make the arrest. *Id.* She did not see Ball use excessive force or engage in acts that would cause a reasonable officer to believe that Vasquez was subjected to unlawful arrest. (*Id.* at 3). Chacon further avers that she did not see any swelling, bruising, or physical deformity, or hear anything that would indicate Vasquez's arm had been broken. *Id.* Vasquez did not complain that her arm had been broken or request medical attention. *Id.*

Once Ball restrained Vasquez in handcuffs, Chacon conducted a pat down search for officer safety. (*Id.* at 2). The officers then transported Vasquez to the Dallas Jail. (*Id.* at 2, 6).

**B.      Procedural**

On March 16, 2007, Vasquez filed this action against the officers in the County Court at Law No. 1, in Dallas County, Texas. (Docket #1, at 20). She asserted state law claims for false arrest, false imprisonment, assault, and excessive force. (*Id.* at 21). Chacon, who is being sued in her individual capacity, timely answered on April 16, 2007. (*Id.* at 28). Vasquez never effected service on Ball. (*See id.* at 125).

On October 27, 2008, after receiving leave from the state court, Vasquez amended her petition to include claims arising under 42 U.S.C. § 1983 for alleged violations of her constitutional rights under the Fourth Amendment. (*Id.* at 125-32). Shortly thereafter, on November 14, Chacon removed the action to this Court.

Vasquez filed an Amended Original Petition against Chacon on February 15, 2009. (Docket #12). The amended complaint does not contain any allegations against Ball, although he is listed

in the style of the case as a defendant.  *See id.*  Chacon filed her answer three days later, wherein she

asserted the defense of qualified immunity.  (Docket #13, at 5).  On the same day, Chacon filed a

motion for a Rule 7(a) Reply.  (Docket #14).  The Court granted this motion on February 19 and

directed Vasquez to file a reply tailored to Chacon's assertion of qualified immunity by March 10,

2009.  (Docket #15).

On March 10, Vasquez filed her Rule 7(a) Reply with an appendix in support as well as a

motion for leave to file a second amended complaint and the second amended complaint itself.

(Docket #16-19).  The Court unfiled Vasquez's second amended complaint because leave had not

yet been granted.[1]  (Docket #20).  After receiving Chacon's response to the motion for leave, on

March 19, 2009, the Court granted Vasquez's motion and ordered her to file her second amended

complaint no later than March 23, 2009.  (Docket #25).  Vasquez never filed her second amended

complaint.  Accordingly, Vasquez's live pleading is Vasquez's Amended Original Petition.  (*See*

Compl.)

Also on March 19, the Court entered a scheduling order for motions for summary judgment

on the issue of qualified immunity.  (Docket #26).  The Court ordered Chacon to file her motion on

or before April 20, 2009, and Vasquez to submit her response no later than May 4, 2009.  Chacon

filed her motion on April 20 (docket #27), and Vasquez filed her response on May 11, one week

after the deadline.  (Docket #30).  Chacon filed a reply on May 18, the deadline established in the

scheduling order.  (Docket #32).  The issues are now ripe for review.

## II.  OBJECTIONS TO EVIDENCE

Chacon objects to Vasquez's response and appendix on the grounds that they are untimely

---

[1]  Plaintiff's proposed second amended complaint added allegations against Ball and asserted, for the first
time, a claim that Chacon actually participated in the use force against Vasquez.

and procedurally deficient.  (Reply at 2-4).  Vasquez filed her four-page response and supporting

materials one week after the deadline established in the scheduling order.  The response fails to

contain the legal and factual grounds on which its opposition lies; it lacks a separately filed brief;

the pages of the appendix are not numbered; and the response fails to include citations to each page

of the appendix.  (Reply at 4).  While these deficiencies violate this Court's scheduling order and

the requirements of the local rules, *see* L.R. 56.4-56.6, Chacon had an opportunity to reply to

Vasquez's response and has not been prejudiced by the deficient and untimely filing.  The objections

are therefore **OVERRULED**.  *U.S. ex rel. Becker v. Tools & Metals, Inc.*, 2008 WL 3850522, at *1

(N.D. Tex. Aug. 19, 2008) (denying motion to strike untimely response because defendant had

opportunity to reply and did not show prejudice); *Villas at Parkside Partners v. City of Farmers

Branch*, 2007 WL 4322147, at *2 (N.D. Tex. Dec. 11, 2007) (same).

Chacon next objects to the portions of Vasquez's appendix that consist of legal memoranda

filed in connection with the state court action on the grounds that these documents are not competent

summary judgment evidence.  (Reply at 5).  Specifically, Chacon objects to a legal memorandum

on a failure to intervene (Pl. App. Ex. 6), Vasquez's response to a no evidence motion for summary

judgment (Pl. App. Ex. 7), and Vasquez's response to a motion for summary judgment (Pl. App. Ex.

8).  The Court did not consider these exhibits in deciding Chacon's motion.  Accordingly, the

objection is **OVERRULED** as **moot**.  *See Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2006

WL 984690, at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that is

not considered by the Court in deciding motion for summary judgment).

Finally, Chacon objects to Vasquez's use of Chacon's state and federal affidavits on the

grounds the alleged discrepancies between the two affidavits do not create genuine issues of material

fact.  (Reply at 6-7).  To the extent that Chacon presents an evidentiary objection, it is **OVERRULED** since affidavits are competent summary judgment evidence.  *See Wallace*, 80 F.3d at 1047; L.R. 56.6(a).  Whether the dueling affidavits present a genuine issue of material fact is discussed in Part V.B, *infra*.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.  Courts have no obligation under Rule 56 "to sift through the record in search of evidence

to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).   "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas*, 136 F.3d at 458.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).   Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## IV.  ANALYSIS

Chacon asserts the defense of qualified immunity to Vasquez's claims arising under 42 U.S.C. § 1983.  (Mot. at 10-15).

## A.    <u>Qualified Immunity</u>

A governmental employee who is sued for a constitutional violation pursuant to § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).   Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982).  The doctrine protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved at the earliest possible stage in the litigation.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In deciding whether a defendant is entitled to qualified immunity, a court conducts a two-prong inquiry.  The first prong entails consideration of whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, – U.S. –, 129 S.Ct. 808, 818 (2009). Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case.  *Id*. at 201.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id*. at 202.  It is within the discretion of the district court to decide which of the two prongs to address first in light of the circumstances particular to the case at hand.  *Pearson*, 129 S.Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) ("*Saucier's* rigid 'order of battle'...is now advisory.").  If the court answers both the constitutional violation and qualified immunity questions in the affirmative, the officer is not entitled to qualified immunity.  *Lytle*, 560 F.3d at 410.

The plaintiff has the burden to show the inapplicability of an asserted qualified immunity defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). To satisfy that burden on a motion for summary judgment, the plaintiff must produce evidence showing that a defendant violated the plaintiff's constitutional rights and that the violation was objectively unreasonable.  *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir. 2007);

*Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003).

## B.     Bystander Claim

Chacon contends that in her Amended Original Petition, Vasquez does not allege that Chacon personally violated her constitutional right to be free from the use of excessive force during an arrest; rather, she seeks to recover from Chacon based on a theory of bystander liability.  (Mot. at 10; *see also* Compl. at 3).  Vasquez seeks to hold Chacon liable under 42 U.S.C. § 1983 because she did not intervene during the arrest in which Ball allegedly broke Vasquez's arm.[2]  *See id.*

An officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.  *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).  Mere presence at the scene of the alleged use of excessive force, without more, does not give rise to bystander liability.  *See Nowell v. Acadian Ambulance Serv.*, 147 F.Supp.2d 495, 507 (W.D. La. 2001).  An officer must have had a reasonable opportunity to realize the excessive nature of the force and a realistic opportunity to stop it in order for the duty to intervene arise.  *See Hale*, 45 F.3d at 919; *Nowell*, 147 F.Supp.2d at 507.  In evaluating whether an officer took reasonable measures to protect a suspect, courts have considered both the duration of the alleged use of excessive force by other officers and the location of the suspect relative to the officer against which a claimant seeks bystander liability.  *See Morris v. Pierce*, 2008 WL 4287967, at *7 (W.D. La. Sep. 17, 2008) (no bystander liability because no summary judgment evidence to suggest that officer had a reasonable opportunity to intervene in a struggle that lasted 10-15 seconds); *Gilbert v. French*, 2008 WL 394222, at *27 (S.D. Tex. Feb. 12,

---

[2]  In her proposed second amended complaint that she never filed with the Court despite being granted leave to do so (*see* docket #19, 20, 25), Vasquez asserted for the first time that a claim against Chacon based on her alleged actual participation in the use force.

2008) (no indication that officers had time to prevent use of excessive force that occurred over the span of a few seconds); *Haggerty v. Texas Southern Univ.*, 2005 WL 2030866, at *4 (S.D. Tex. Aug. 22, 2005) (no bystander liability because officer was several yards away and did not use any force on suspect); *Paternostro v. Crescent City Connection Police*, 2002 WL 34476319, at *11 (E.D. La. Apr. 2, 2002) (summary judgment evidence did not show that officer was in a location from which he could have had a realistic opportunity to prevent the violations of another officer).

Assuming without deciding for the purpose of this motion only that Ball used excessive force when he arrested Vasquez, the dispositive issue for determining Chacon's liability under §1983 is whether she took reasonable measures to protect Vasquez from Ball's use of excessive force. *See Hale*, 45 F.3d at 919.  To meet her burden to defeat Chacon's assertion of qualified immunity, Vasquez must identify evidence in the record to show that Chacon had a reasonable opportunity to realize the excessive nature of Ball's use of force and a realistic opportunity to stop it. *See id.*; *Zarnow*, 500 F.3d at 407.  In her response, Vasquez identifies three discrepancies between the affidavit Chacon submitted to this Court and the one she submitted to state court.  (Resp. at 2-3). She first notes that Chacon's state court affidavit contends the events took place at 8:15 p.m. whereas Chacon averred in her federal affidavit that the events took place at 9:56 p.m.  (Resp. at 3). Second, she notes that Chacon's state court affidavit omits the detail in the federal court affidavit that Chacon was on the opposite side of the patrol car during the arrest. *Id.*  Third, she disputes Chacon's assertion that the officers took her to the Dallas Jail because, according to Vasquez, she went to a detox center. *Id.*  The first and third discrepancies do not bear on the issue of bystander liability because neither addresses whether Chacon had a reasonable opportunity to realize the excessive nature of Ball's use of force or whether she had a realistic opportunity to intervene. *See*

- 10 -

*Hale*, 45 F.3d at 919; *Nowell*, 147 F.Supp.2d at 507. The second discrepancy, that the state court affidavit omitted Chacon's location on the other side of the patrol car during the arrest, does not establish a genuine issue of material fact that Chacon realized the excessive nature of Ball's use of force or that Chacon had a reasonable opportunity to intervene.[3] Because the discrepancies raised by Vasquez do not show that Chacon had a reasonable opportunity to realize the excessive nature of Ball's use of force and a realistic opportunity to stop it, she has not met her burden to show that Chacon can be held liable for violations of § 1983 on a theory of bystander liability.

In addition to Vasquez's failure to identify evidence in the record to support her claim of bystander liability, Chacon presents evidence that she neither had a reasonable opportunity to realize the excessive nature of Ball's use of force or a realistic opportunity to stop Ball. Chacon correctly contends that there is no evidence to establish that she actually observed Ball use an excessive amount of force to place Vasquez's arm behind her back or use such force so as to break the arm; the allegations in Vasquez's Rule 7(a) reply only establish Chacon's presence at the scene, not that she actually observed Ball's use of excessive force. (Mot. Br. at 12-13) (citing docket #17 at ¶¶5, 9). Mere presence at the scene, without more, does not give rise to bystander liability or create a genuine issue of material fact for trial. *See Nowell*, 147 F.Supp.2d at 507. It is undisputed that Chacon retrieved the dog while Ball put Vasquez into handcuffs. (*See* Mot. App. at 2). Physical

---

[3]The Court is under no duty to sift through the record in search of evidence to support Vasquez's opposition to Chacon's motion. *Adams*, 465 F.3d at 164. A blanket incorporation of all pleadings and sworn statements in federal and state court (*see* Resp. ¶3) is completely inadequate to meet her summary judgment burden to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claim. *Ragas*, 136 F.3d at 458. Notwithstanding Vasquez's failure to identify evidence in the record, a cursory review of her appendix revealed the affidavit Vasquez submitted to the state court averring that Chacon was "right next to me" while Officer Ball twisted her arm and broke it. (Pl. App. at 81). The affidavit provides no facts to show that Chacon realized the allegedly excessive nature of Ball's use of force when he restrained Vasquez's right arm after she first broke free from his grasp. Nor does the affidavit show that Chacon had a reasonable opportunity to intervene in the few seconds in which Ball allegedly broke Vasquez's arm. Plaintiff's affidavit corroborates Chacon's testimony that she was retrieving the dog while Ball placed Vasquez in handcuffs.

proximity alone is insufficient to establish bystander liability. *Id.*; *see Haggerty*, 2005 WL 2030866, at *4 (officer was several yards away and did not use force on suspect); *Paternostro*, 2002 WL 34476319, at *11 (officer not in a location from which he could have had a realistic opportunity to prevent the violations of another officer). Moreover, the short duration of alleged excessive force did not provide Chacon with a reasonable opportunity to intervene. *See Morris*, 2008 WL 4287967, at *7 (no evidence to suggest that officer had a reasonable opportunity to intervene in a struggle that lasted 10-15 seconds); *Gilbert*, 2008 WL 394222, at *27 (no indication that officers had time to prevent use of excessive force that occurred over the span of a few seconds).

The summary judgment evidence identified by Vasquez and Chacon, even when construed in the light most favorable to Vasquez, fails to create a genuine issue of material as to whether Chacon had a reasonable opportunity to realize Ball's use of excessive force or had a reasonable opportunity to intervene. Vasquez's conclusory assertions that Chacon is liable under § 1983 on a bystander theory are insufficient at the summary judgment stage. *Little*, 37 F.3d at 1075. Since Vasquez cannot show that Chacon failed to take reasonable measures to protect her from Ball's use of excessive force, she has failed to show that Chacon violated her constitutional rights. *Saucier*, 533 U.S. at 200. The Court therefore finds that Vasquez has not met her burden to show the inapplicability of Chacon's qualified immunity defense. *McClendon*, 305 F.3d at 323. The Court further finds that Chacon is entitled to qualified immunity and her motion for summary judgment should be **GRANTED**. *Celotex*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 249.

## C.    Unlawful Arrest

Chacon also moved for summary judgment on Vasquez's claim for unlawful arrest. (*See* Mot. at 6-7; Compl. at 2-3). Based on Vasquez's failure to address this claim in her response,

Chacon contends Vasquez abandoned the claim. (Rep. at 7).

Vasquez does appear to abandon this claim in her response, stating that "[w]hether the police officer had probable cause to arrest plaintiff is not the issue.  The issue is whether...Defendant [Chacon] stopped or attempted to stop him [Ball] from the use of excessive force." (Resp. at 2, ¶5). She does not further address the claim.  To the extent that Plaintiff did not abandon this claim, however, Vasquez undisputedly demonstrated signs of intoxication on the night of her arrest, such as bloodshot eyes, slurred speech, and an agitated and excited demeanor.  (Mot. App. at 2, 5).  She also admitted that she had been drinking alcohol that evening.  *Id.*  The physical signs of intoxication, coupled with Vasquez's admission, gave the officers probable cause to arrest her for the offense of public intoxication.  *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000) (probable cause exists when there is a fair probability that an offense occurred); *MacCloskey v.City of Dallas*, 1998 WL 119535, at *2 (N.D. Tex. Mar. 9, 1998) (officers' personal observations gave probable cause to believe plaintiffs were committing offense of public intoxication); *see* Tex. Pen. Code Ann. § 49.02 (Vernon 2003) (offense of public intoxication).  Because probable cause existed for Vasquez's arrest, even assuming for purposes of this motion that Chacon participated in the arrest, Vasquez failed to establish deprivation of a constitutional right.  Chacon is therefore entitled to summary judgment on this claim to the extent it has not been abandoned.

## V.  STATE LAW CLAIMS

Although Chacon moves for summary judgment as to all claims against her, her motion does not specifically address Vasquez's original state law claims of assault and false imprisonment. (*Compare* Mot. at 6-8 *with* Compl. at 3).  The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).  Because summary judgment is recommended on all the federal

claims over which it has original jurisdiction, the Court must decide whether to retain jurisdiction over the remaining state law claims, if any. *Id.* at § 1367(c)(3).

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court. *See id.* According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989)).

Since the Court recommends summary judgment and dismissal of Vasquez's § 1983 claim, the pendent state law claims of assault and false imprisonment should be **DISMISSED** without prejudice.

## VI. CONCLUSION

For the reasons stated above, the Court recommends that *Defendant Chacon's Motion for Summary Judgment on the Issue of Qualified Immunity* (docket #27) be **GRANTED**. Vasquez's claims against Chacon of false arrest and excessive force arising under 42 U.S.C. § 1983 should be

**DISMISSED** with prejudice.  The pendent state law claims of assault and false imprisonment should

be **DISMISSED** without prejudice

　　　　**SO RECOMMENDED** on this 26th day of June, 2009.

　　　　　　　　　　　　　　　　　　　　_Irma Carrillo Ramirez_
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

　　　　Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

　　　　　　　　　　　　　　　　　　　　_Irma Carrillo Ramirez_
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE